(73 App. Div. 545.)

GOLDSTEIN v. MARX et al.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

1. VENUE—PLACE OF TRIAL.

Where the place of trial named in a summons and that named in a complaint are different, the county named in the complaint determines the venue of the action.

2. SAME—VARIANCE.

Where an attorney inadvertently names a different place of trial in the complaint from that named in the summons, which was the proper county, it will not effect a change in the place of trial, where he moves promptly to correct the error before his adversary has acted upon the assumption that the change was intentional.

Appeal from special term, New York county.

Action by Abraham Goldstein against Samuel Marx and Charles Jacobs. From an order denying defendants' motion to compel plaintiff to accept service of an order extending defendants' time to answer, they appeal. Affirmed.

The following is the opinion of GILDERSLEEVE, J., delivered at special term:

The motion is to compel plaintiff to accept the service of an affidavit and order extending time of defendants to answer. The summons places the venue in Queens county, while the complaint places it in New York county. The order was obtained in New York county. The defendants appeared in the action, and in their notice of appearance placed the venue in New York county. The plaintiff's attorney, upon receiving the notice of appearance, scratched out "New York county," as claimed by defendants, and replaced it by "Queens county," against the protest of defendants' attorney. Thereafter defendants' attorney notified plaintiff's attorney, informing him that the complaint was entitled New York county, and that defendants elected to have the action remain in New York county. Thereafter defendants obtained an order in New York county extending defendants' time to answer. This order was returned, on the ground that the affidavit and order were not folioed, as required by rule 19. The defendants thereupon make this motion in New York county to compel plaintiff to accept said affidavit and order. The plaintiff objects, and asserts that the motion should not have been made in New York county, because the venue of the action is Queens county. Section 769 of the Code provides that a motion, on notice, cannot be made in New York county in an action triable elsewhere. The rule is that, where the place of trial named in the summons and that named in the complaint are different, the county named in the complaint determines the venue of the action. Fisher v. Ogden, 12 App. Div. 602, 43 N. Y. Supp. 111. The plaintiff claims that it was a mere inadvertence in giving New York county in the complaint as the place of trial. The mere inadvertence of an attorney in naming a different place of trial in the complaint from that named in the summons will not be held to effect a change of the place of trial, provided he moves promptly in the matter to correct the error, and does not permit his adversary to act upon the assumption that the change was intentional. Fisher v. Ogden, supra. It appears that the attorney for plaintiff did notify defendants' attorney before the latter had acted upon the assumption that the venue was in New York county, except as to the notice of appearance, which was promptly corrected by plaintiff's attorney, according to defendants' evidence, and which plaintiff swears was already entitled "Queens county" by defendants' attorney himself. I incline to think that the venue is in Queens county, and that this motion cannot be made in New York county. Motion denied, without prejudice.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

A. H. Parkhurst, for appellants.
Eli S. Schreier, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of court below.

(75 App. Div. 23.)
### HOWARD v. MOBILE CO. OF AMERICA.

(Supreme Court, Appellate Division, Fourth Department.  July 8, 1902.)

1. PLEADING—IRRELEVANT AND REDUNDANT ALLEGATIONS—MOTION TO STRIKE.
   In an action by a landlord against his tenant for damages to the leased building by fire, the complaint, after setting out the lease, wherein defendant had agreed to conform to the fire underwriters' rules as to the storage of gasoline, alleged what such rules provided, that defendant had violated them, and that the insurance company refused to pay on account of such violation. The complaint further alleged that at the time of the making of the lease it was agreed between the parties thereto that no gasoline was to be handled within the building. It did not appear whether the collateral agreement was in writing or by parol. *Held*, that a motion to strike out the allegation of the collateral agreement, under Code Civ. Proc. § 545, providing for the striking out of irrelevant and redundant matter, was properly refused, the relevancy and necessity of such allegation being dependent upon questions which could be determined only at the trial.

Appeal from special term, Erie county.

Action by Gibson Howard against the Mobile Company of America. From an order denying a motion to strike out an allegation of plaintiff's complaint, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Cox, Kernan & Kimball, for appellant.
Randall, Hurley & Porter, for respondent.

WILLIAMS, J.  The order appealed from should be affirmed, with costs.

The action was brought to recover damages for injuries to plaintiff's buildings by fire.  The property was at 71 Carey street, in the city of Buffalo, N. Y., and was leased by plaintiff to defendant to be used as a livery for mobile station carriages.  The lease was in writing, and was set out in the complaint in full.  Among other provisions therein contained was the following: "The Mobile Company agree to conform to the fire underwriters' rules as to the storage and care of gasoline."  The complaint alleged what those rules provided in detail, and further alleged in brief that the defendant, in violation of its agreement in the lease, failed to conform to such rules as to the storage and care of gasoline, but stored and handled the same in violation of such rules, and as a result thereof plaintiff's property was set on fire, and completely burned and destroyed.  The fire having been caused by the handling of large quantities of gasoline within and about the building